NEWHALL v. McCABE HANGER MFG. CO. et al.

(Circuit Court, S. D. New York. July 15, 1902.)

**1. Patents—Infringement—Thermal Door-Closing Apparatus.**
     The Kingsland patents, No. 680,415, claims 4 and 5, and No. 680,458, claim 20, each covering a thermal door-closing apparatus, *held* not anticipated, valid, and infringed on a motion for preliminary injunction.

In Equity. Suit for infringement of letters patent No. 680,415, granted August 13, 1901, to Oliver H. Kingsland, for a thermal door-closing apparatus, and No. 680,458, granted to the same patentee for a door-closing apparatus. On motion for preliminary injunction.

Frederick S. Duncan, for complainant.

Ewing, Whitman & Ewing, Thomas Ewing, Jr., and George H. Gilman, for defendants.

THOMAS, District Judge. The motion is to restrain the manufacture and sale by the defendants of a fire door lock, on account of alleged infringement of claims 4, 5, and 10 of complainant's patents No. 680,415, of August 13, 1901, on thermal door-closing apparatus, and claim 20 of patent No. 680,458, of the same date, on door-closing apparatus, both issued to Oliver H. Kingsland. The claims involved are as follows: Patent No. 680,415:

"(4) The combination, with a self-closing door, of a sliding bolt capable of being manually moved in the path in which it slides, and a device comprising a thermal fuse for holding it in that path, releasable by heat for permitting the movement of the bolt out of that path.

"(5) In a thermal door-closing apparatus, a self-closing door, a thermal fuse, a bar extending across the line of travel of the door and capable of being manually withdrawn out of said line of travel, a locking device connected with said thermal fuse for holding the bar in said path when the fuse is intact, and permitting the movement of the bar out of said path when the fuse is broken."

"(10) A manually movable bolt, a movable support upon which said bolt is movably mounted, a thermal fuse, retaining devices engaging said support, and means connected to said thermal fuse to releasably hold said support and said retaining devices in engagement, whereby, if said bolt is engaged by a self-closing door, the force of said door tends to disengage said support and said retainer."

Patent No. 680,458:

"(20) The combination, with a self-closing door, of a sliding bolt capable of being manually moved in the path in which it slides, and a device for holding it in that path, releasable by heat, for permitting the movement of the bolt out of that path."

The defendants' device is the subject of letters patent No. 703,347, issued June 24, 1902, to James T. McCabe. The following extract from the specification describes it:

"A represents a wall having therein the passage, B,. which it is desired. to protect by the door, C, the door sliding on the inclined track, D, which tends to throw the door to its closed position. A plate, E, is attached to the wall of the passage, and is provided with retainers, F, which normally hold the shell, G, inclosing the bolt, H, the bolt being capable of being manually slid in the shell (the latter being held by the retainers) to disengage it from the door. The bolt and shell together form what may be generically termed a 'latch.' The bolt-shell, G, has a hook, I, thereon, and to this hook is attached a cord, wire, or chain, J, which passes freely over a pulley, K, and is attached to a fixed support, as at L. Inserted in this cord is a piece, M, of any suitable construction, which will melt, or otherwise break the continuity of the cord, upon excessive heat, whereby, as the sleeve is held in the retainers by such cord, the sleeve and bolt will be released therefrom, and permitted to drop out of the retainers, whereby the door will be released, and permitted to close to protect the passage. It will be noted that the manual movement of the bolt disengages the latch from the door without affecting the fastening between the latch and retainers, while the automatic release effected by excessive heat frees the bolt and bolt-carrier from the sleeve without directly affecting the engagement between the latch and the door. It will be obvious, however, that the position of the plate, E, may be reversed between the wall and door without departing from the spirit of my invention.

"Having thus described my invention, what I claim, and desire to secure by letters patent of the United States, is: (1) The combination, with a self-closing door, of a detachable bolt-carrier, a retainer for said carrier, a bolt sliding in the carrier for holding the door in an open position, but capable of being manually moved to disengage it from the door, and a device, releasable by heat, for holding the bolt-carrier in the retainer, substantially as described. (2) The combination, with a self-closing door, of a bolt for holding the door in an open position, a fixed support, a bolt-carrier detachably secured to the fixed support, and a device releasable by heat for holding the bolt-carrier to the fixed support, substantially as described. (3) The combination, with a self-closing door, of a sliding bolt for holding the door in an open position, capable of being manually moved to disengage it from the door, a detachable carrier, in which the bolt is held for movement, and a device, releasable by heat, for holding the carrier in place, substantially as described. (4) The combination, with a self-closing door, a latch to hold the door in an open position, a retainer for the latch, normally holding it against movement with the door, the latch being capable of being manually moved in the retainer to disengage it from the door, and means releasable by heat for disengaging the latch from the retainer, substantially as described."

It is difficult to escape the immediate conclusion that the defendants' device falls within the language and meaning of claims 4 and 5 of patent No. 680,415, and claim 20 of patent No. 680,458. It is not apparent that it is within claim 10 of patent No. 680,415. This claim provides for an arrangement "whereby, if said bolt is engaged by a self-closing door, the force of said door tends to disengage said support and said retainer." In the defendants' device the bolt is released by the severance of the cord which sustains it. Thereupon it would drop away from the retainers, and there would be no resistance to this release were not the door pressing the bolt against the retainers, and thereby tending to hold it in place. It is to obviate the effect of this very tendency that the retainers are flared in such a way as to allow the bolt to be moved out by the pressure of the door. However, it is not primarily the pressure of the door that tends to disengage the bolt, but the release of the fuse. The pressure of the door is at this time an evil, which is overcome by the flaring

retainers. It is unnecessary to determine definitely this question at the present time.

There are some special equities urged in behalf of the complainant, which need not be considered. Both devices are quite simple and it is concluded that defendants' apparatus falls within the complainant's rights. It is urged that the complainant's patents have been anticipated. This does not appear to be the case.

The motion for a preliminary injunction is granted as to claims 4 and 5 of patent No. 680,415 and claim 20 of patent No. 680,458.